IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**LESIA SUE LEEK,**

    **Plaintiff,**

v.

    **CIVIL ACTION NO.: 5:21CV115**
    **(BAILEY)**

**EQT PRODUCTION COMPANY,**
**A Pennsylvania Corporation,**

    **Defendant.**

FILED

MAR 9 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING DISMISSAL OF THIS ACTION

### I. Introduction

This action has been pending since July 2021. Defendant has propounded upon Plaintiff three sets of discovery requests. Plaintiff has failed to meaningfully participate in discovery despite two Court Orders compelling Plaintiff to do so. Plaintiff is also on notice that sanctions are being considered in light of Plaintiff's continued failure to participate in discovery. For the reasons set forth below, the undersigned would recommend the sanction of dismissal pursuant to Fed. R. Civ. P. 37(b)(2).

### II. Factual/Procedural History

Plaintiff filed this civil action on July 14, 2021, in the Circuit Court of Wetzel County, West Virginia. ECF No. 1-1. The action was removed on or about July 16, 2021. ECF No. 1. In her Complaint, Plaintiff claims, among other things, that stormwater runoff damaged her real property because of Defendant's oil and gas development activities. ECF No. 1-1.

On or about August 10, 2021, Defendant propounded upon Plaintiff Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission.

ECF No. 5. On November 16, 2021, Defendant filed its First Motion to Compel after having received no discovery answers, and after having provided to Plaintiffs several extensions of time within which to provide answers to this discovery. ECF No. 12. Plaintiff filed a written response to this Motion on December 1, 2021. ECF No. 15. The Court conducted a hearing on December 9, 2021, at which time Plaintiff's counsel appeared and did not substantially dispute the averments of Defendant's counsel. Plaintiff consented to entry of an Order compelling discovery responses but requested that her ability to object be preserved. On December 14, 2021, the Court entered an Order granting in part and denying in part Defendant's Motion to Compel. ECF No. 20. The Court ordered Plaintiff to provide answers to the subject discovery <u>without objection</u> by December 31, 2021. *Id.* However, the Court afforded Plaintiff the opportunity to provide responses to Defendant's Requests for Admission rather than deeming the factual averments admitted as Defendant originally requested. *Id.* These responses were also due to be provided by December 31, 2021. ECF No. 20.

On or about December 31, 2021, Plaintiff provided discovery responses to Defendant. Contrary to the Court's Order, those discovery responses included objections. ECF No. 30. Defendant gave Plaintiff additional time to file supplemental responses to Defendant's First Set of Discovery. ECF No. 27. Plaintiff did not supplement her responses. As a result, Defendant filed its Second Motion to Compel. ECF No. 30.

On or about January 19, 2021, Defendant propounded upon Plaintiff its Second Set of Interrogatories and Requests for Production of Documents. ECF No. 22. On February 21, 2022, Defendant filed its Third Motion to Compel as a result of Plaintiff having failed to provide responses to Defendant's Second Set of Discovery Requests. Defendant sought sanctions against Plaintiff for repeated discovery violations. ECF No. 33. A hearing was held on March 1, 2022,

with respect to Defendant's Second and Third Motions to Compel. At that hearing, Plaintiff's counsel again did not substantially refute Defendant's factual averments respecting the discovery course. The Court entered an Order granting Defendant's Second and Third Motions to Compel. ECF No. 38. Plaintiff was given seven (7) days within which to provide full and complete discovery responses to Defendant. *Id.* The Court further advised that the issue of sanctions was taken under advisement at that time. *Id.*

It has now been over seven (7) days since the entry of ECF No. 38. There is no evidence or indication that Plaintiff has provided discovery answers to Defendant in accordance with the Court's prior Orders. There is no evidence or indication that Plaintiff has sought an extension of time to comply with ECF No. 38. Further, Plaintiff has never appeared in person during these proceedings to explain her failure to meet her discovery obligations. Sanctions are therefore appropriate. *See* Fed. R. Civ. P. 37(b)(2)(A)

### III. Conclusion and Recommendation

Given Plaintiff's repeated and continued failure to meaningfully participate in the discovery process, even and especially in the face of Court Orders compelling the same, and given the lack of an adequate or sufficient explanation for this failure, the undersigned believes there is no condition or combination of conditions that would compel Plaintiff to meet her discovery obligations. As a result of the foregoing, the undersigned is satisfied that the sanction of dismissal of this action is appropriate. The undersigned would therefore **RECOMMEND** that Plaintiff's Complaint be **DISMISSED**.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file**

3

with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Judge of Record. **Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1);** *Wright v. Collins,* **766 F.2d 841, 845-48 (4th Cir. 1985);** *United States v. Schronce,* **727 F.2d 91, 94 (4th Cir. 1984),** *cert. denied,* **467 U.S. 1208 (1984);** *see also Thomas v. Arn,* **474 U.S. 140, 155 (1985).**

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 9th day of MARCH

Dated: 3/9/2022

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE