IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LESIA SUE LEEK,**

        Plaintiff,

v.                            **CIVIL ACTION NO. 5:21-CV-115**
                                    Judge Bailey

**EQT PRODUCTION COMPANY,**
a Pennsylvania corporation,

        Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Mazzone [Doc. 40] and plaintiff's Objections to the R&R [Doc. 42]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In the R&R, the magistrate judge finds that plaintiff has failed to participate meaningfully in discovery in this case and that this "repeated and continued failure,"

including ignoring court orders compelling plaintiff to do so, warrants dismissal of this case. Plaintiff raises three objections to the R&R.

First, plaintiff objects to the R&R's finding relating to plaintiff's responses to "Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission." Plaintiff objects to the R&R's finding that "Contrary to the Court's Order, those discovery responses included objections." [Docs. 42 at 1; 40 at 2]. Plaintiff contends that this finding "omits the fact that Plaintiff incorporated a list of general objections prior to her narrative responses" in the interest of preserving any applicable objections to similar requests. [Doc. 42 at 1]. As the magistrate judge observed, defendant gave plaintiff additional time to file supplemental responses to those requests, and when plaintiff failed to do so, defendant filed its Second Motion to Compel. The Court finds that the additional explanation in this objection does not affect the underlying finding that plaintiff has not meaningfully participated in discovery, and this objection is overruled.

Second, plaintiff objects to the R&R's finding that "Plaintiff has never appeared in person during these proceedings to explain her failure to meet her discovery obligations." [Docs. 42 at 2; 40 at 3]. Plaintiff's counsel goes on to explain that his client has no land line phone or internet access at her residence and has a burdensome work schedule, making it difficult for plaintiff's counsel to maintain communication with plaintiff. [Doc. 42 at 2–3]. The Court notes that this sentence in the R&R's findings is part of a wider context–as the R&R observes in the same paragraph, there is no evidence that plaintiff has provided discovery answers in accordance with this Court's prior orders, and plaintiff has not sought an extension to the most recent order. [Doc. 40 at 3]. The difficulties plaintiff has faced in communicating with her attorney are regrettable, but they do not justify a

"repeated and continued failure to meaningfully participate in the discovery process." [Id.]. This objection is overruled.

Third, plaintiff objects to the R&R's failure to not specifically address the issue of Electronically Stored Information ("ESI") sought by defendant. Plaintiff asserts that the ESI in question consists of still photo images, video recordings, and text messages stored on plaintiff's cell phone(s). [Doc. 42 at 2]. Plaintiff contends that she has not failed to honor her commitment to make reasonable, good-faith efforts to produce the ESI, but that "the undersigned was simply unable to arrange a meeting with Plaintiff to attempt to retrieve the subject ESI from apparently two or more devices via the relatively non-technical means described above." [Id. at 42]. For the same reasons as the above objection, the Court finds no error in the magistrate judge's findings and this objection is overruled.

Based on a *de novo* review of the magistrate judge's findings, the undersigned agrees that there is no condition or combination of conditions that would compel plaintiff to meet her discovery obligations and dismissal of this action is appropriate.

Finally, in plaintiff's conclusion, plaintiff requests that in the event this Court dismisses this case that the Court refrain from levying a sanction of "reasonable expenses, including attorney's fees." [Doc. 42 at 4]. The R&R does not recommend the additional sanction of awarding attorney's fees and this Court will decline to do so.

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 40]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the plaintiff's objections **[Doc. 42]** are **OVERRULED**. The Court **ORDERS** that this case be **DISMISSED**

**WITH PREJUDICE**.  The Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant and **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record.

**DATED**: March 28, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE